UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARK GARR                                                                PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:12CV-364-H

CORE DISTRIBUTON, INC.                                              DEFENDANT

## OPINION

The plaintiff, Mark Garr, has filed a second motion asking the court to amend the litigation plan and discovery schedule (docket no. 24). Having considered the arguments of counsel presented during the conference and in their pleadings regarding this issue, and being otherwise sufficiently advised, the court finds that plaintiff has not established that good cause warrants a second extension.

### I.

This is the type of ruling that courts dislike making, for judges are always mindful that, regardless of any procedural missteps by counsel, there are real parties in interest who have requested the court's assistance to resolve a dispute. That being said, there are well established rules of procedure in federal court, and the court has an inherent and vital interest in insuring that counsel comply with the court's orders and the rules of procedure. Moreover, this ruling is not the result of one isolated act of non-compliance.

This is a product liability action in which plaintiff alleges he was injured as the result of a faulty ladder manufactured by Core Distribution, Inc., which collapsed while he was using it. After Core Distribution was served with the Mr. Garr's complaint, its counsel promptly requested that the ladder at issue be preserved and that no destructive testing be performed. Plaintiff's counsel agreed (*see* docket no. 1, Ex. A). Then, in the normal course of practicing

this case, the parties negotiated an agreed litigation plan that the court entered in September 2012 (docket no. 9).

That agreed plan established a schedule of pretrial discovery and other deadlines, but did not include any provision memorializing the parties' agreement that no destructive testing be performed. It did, however, memorialize the parties' agreement that the case proceed expeditiously, and stated: "This litigation plan shall be adhered to by the parties, and shall be modified only upon a showing of cause …" (*See*, docket no. 9).

Pursuant to the parties' agreed litigation plan, the plaintiff's expert witness report was due on March 30, 2013. The plaintiff did not comply with this deadline, or request an extension from the court, however. Instead, seventy-one days later, plaintiff filed a motion to amend the litigation plan and discovery schedule (docket no. 15), to which defendant objected. Nevertheless, the court granted the motion and moved the new deadline for serving plaintiff's expert report to August 15, 2013 (*see* docket no. 18).

Plaintiff did not meet that deadline either. According to plaintiff's counsel, he was not able, in spite of his diligent efforts, to find an expert willing to render an opinion without performing destructive testing of the ladder (*see* docket no 26). This may be true, but it does not explain why plaintiff's counsel did not try to negotiate with opposing counsel for permission to perform destructive testing, or request relief from the court, until two days before the new deadline for serving his expert report.

## II.

It is practically a fundamental tenet of product liability litigation that expert testimony will almost always be required in support of a plaintiff's allegation. It is a fundamental requirement of litigation in federal court that a plaintiff's "factual contentions have evidentiary

support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …" Fed.R.Civ.P. 11(b)(3). Plaintiff asserts that the ladder at issue broke while he was using it, but by his own admission, he does not know whether his allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. To begin with, he agreed not to perform any destructive testing of the ladder, which would have been appropriate only if he reasonably believed the alleged defect that caused the ladder to fail were obvious without any such testing. Yet, in his memorandum in support of the modification of the discovery schedule plaintiff states:

> The Plaintiff reasonably believes the limited destructive testing will ultimately resolve the issue as to what actually went wrong with the ladder when Mr. Garr used it. The testing *may produce no identifiable defects with the metallurgical composition of the ladder, or any other defect.* Or, in the alternative, it may very well establish, to a reasonable probably as to what defect was present at the time of Mr. Garr's usage when the ladder failed and caused his injuries.

(*See* docket no. 26). This admitted uncertainty of the plaintiff about his theory of the case concerns the court.

The court is also concerned by plaintiff's counsel's failure to timely pursue the reasonable opportunity to further investigate and discover what might have caused his accident, which led to his failure to comply with the court's scheduling orders and failure to timely avail himself to appropriate procedures for requesting modification of them. The engineering firm plaintiff now proposes hiring to provide expert witness services is located in Louisville, is relatively large, and has done business locally for several years. Plaintiff has not provided the court with any good reason why this firm could not have been identified in timely fashion, other than plaintiff had hopes to find an expert capable of rendering an opinion without destructive testing. But, as noted above, plaintiff has not provided the court with a satisfactory explanation

3

why he did not promptly request relief from his initial agreement not to perform destructive testing when he first discovered (presumably in advance of the original deadline) that none of his potential witnesses would render an opinion without conducting destructive testing.

The court is therefore left with the troublesome concern that plaintiff's counsel's efforts to timely obtain and secure an appropriate expert witness may not have been as diligent as reasonably necessary, and the more troublesome concern that plaintiff may have initiated this action without confirming the likelihood of an adequate evidentiary support for his allegations. Either way, plaintiff has not established good cause for the modification of the discovery schedule and, therefore, the court declines to grant his motion.

### III.

For the reasons stated herein, the court finds that plaintiff has not established good cause for an extension of the deadline for serving his expert witness report and will, by separate order, deny plaintiff's motion, and modify the discovery schedule with respect to defendant's deadline for serving any expert reports and filing dispositive motions.

DATE:


Copies to: Counsel of Record